IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AVERY MIGUEL PERRY, SR.,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| v. | : | **NO. 22-CV-2206** |
| | : | |
| **SCOTT C. McINTOSH, ESQ.,** | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO. J.                                                                JUNE 8 2022

      Before the Court is a Complaint filed by Plaintiff Avery Miguel Perry, Sr., a self-represented litigant, against Scott McIntosh, an attorney appointed to represent Perry in family court proceedings.  Perry seeks to proceed *in forma pauperis*.  For the following reasons, the Court Perry motion to proceed *in forma pauperis* is granted and his Complaint is dismissed, without prejudice, for lack of subject matter jurisdiction.

**I.      FACTUAL ALLEGATIONS**

      The Complaint reflects that McIntosh was appointed to represent Perry in a custody proceeding in the Montgomery County Court of Common Pleas.  (Compl. at 3; ECF No. 2-1 at 1.)[1]  Perry alleges that McIntosh did not provide adequate representation.  He claims, among other things, that McIntosh failed to contact individuals who wrote letters of recommendation on Perry's behalf and dissuaded Perry from filing a motion to stay in the case while allegedly admitting to Perry that he "knew the whole time [Perry] was going to lose." (Compl. at 3.)  Perry ultimately lost custody of his son.  (ECF No. 2-1 at 1-2.)

---

[1]    The Court adopts the pagination supplied by the CM/ECF docketing system.

Perry brings various claims against McIntosh under state law, including breach of contract, fraud, and legal malpractice. (Compl. at 3.) He alleges that he suffered emotional distress, embarrassment, and damage to his mental health. (*Id.* at 4.) Perry seeks $77,796 in damages, as well as training and discipline for McIntosh. (*Id.*)

## II.   STANDARD OF REVIEW

The Court grants Perry leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the court to screen the Complaint and dismiss it if it is frivolous, malicious, fails to state a claim for relief, or seeks damages from an immune defendant. Furthermore, the court must dismiss any claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.").

## III.   DISCUSSION

Perry brings his state law claims against McIntosh pursuant to the court's diversity jurisdiction.[2] (*See* Compl. at 2-3.) District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of

---

[2] There is no indication that Perry intends to bring federal claims in this case and, even under a liberal construction of the Complaint, the Court cannot discern any basis for a federal claim here.

$75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

Here, Perry indicates that both he and McIntosh are citizens of Pennsylvania. (Compl. at 3.) Because complete diversity is lacking in this case, there is no basis for the Court to exercise jurisdiction over Perry's claims. Accordingly, Perry's Complaint is dismissed for lack of jurisdiction, without prejudice, to him refiling those claims in an appropriate state court if he chooses to do so.[3]

### IV.   CONCLUSION

For the foregoing reasons, the Court will grant Perry leave to proceed *in forma pauperis* and will dismiss his Complaint, without prejudice, for lack of subject matter jurisdiction. The Court concludes that amendment in this Court would be futile because Perry cannot cure the defects in his claims. An Order follows, which dismisses this case.

*NITZA I. QUIÑONES ALEJANDRO. J.*

---

[3]   The Court expresses no opinion on the merits of any such claims.